UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

AMIR SHAABAN,

                           Plaintiff,

               -against-

Police Officer JUAN CRUZ, Shield No. 7400; Police Officer GABRIEL FELICIANO, Shield No. 7202; Lieutenant MICHAEL FLEMING; Sergeant JOSEPH TODINO, Shield No. 4432; and JOHN and JANE DOE 5 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

13 CV 5620 (JBW) (JO)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Amir Shaaban ("plaintiff" or "Mr. Shaaban") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Juan Cruz, Shield No. 7400 ("Cruz"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cruz is sued in his individual and official capacities.

8. Defendant Police Officer Gabriel Feliciano, Shield No. 7202 ("Feliciano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Feliciano is sued in his individual and official capacities.

9. Defendant Lieutenant Michael Fleming, ("Fleming"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fleming is sued in his individual and official capacities.

10. Defendant Sergeant Joseph Todino, Shield No. 4432 ("Todino"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Todino is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 5 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 5 through 10.

12. At all times relevant herein, defendants John and Jane Doe 5 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 5 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 8:30 p.m. on May 30, 2013, plaintiff was walking toward a bodega in the vicinity of 7206 Fifth Avenue in Brooklyn, New York.

15. Mr. Shaaban observed defendant officers approaching his vehicle as it was parked in front of the store.

16. Mr. Shaaban returned to his car and asked defendants if he could move the vehicle so he would not be ticketed.

17. Defendants did not respond.

18. Suddenly and without warning, another defendant approached Mr. Shaaban and violently punched him repeatedly to the side of his face.

19. Defendants continued their attack of Mr. Shaaban by throwing him to the ground, handcuffing him and continuing to beat him as he lay on the ground

helpless.

20. Mr. Shaaban was arrested and taken to the 68th Precinct.

21. Once at the precinct, plaintiff asked for medical treatment.

22. Defendants refused to obtain treatment for him threatening him with a longer incarceration if he sought medical attention.

23. At the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff criminal behavior, including attempted assault, obstructing governmental administration, disorderly conduct, harassment and resisting arrest.

24. At no point did the officers ever observe plaintiff commit these crimes.

25. Eventually, EMS was contacted and Mr. Shaaban was taken to Lutheran Medical Center where he was treated and diagnosed with multiple injuries including fractures of the nasal bones.

26. Mr. Shaaban was discharged from Lutheran, returned to the precinct and eventually taken to Brooklyn Central Booking.

27. After approximately 24 hours in custody, Mr. Shaaban was arraigned and released on his own recognizance.

28. On October 9, 2013, the charges against Mr. Shaaban were dismissed in their entirety.

29. Mr. Shaaban suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of wages and damage to his reputation.

## FIRST CLAIM
### Malicious Prosecution

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

33. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and

emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SECOND CLAIM
### Unreasonable Force

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Deliberate Indifference to Medical Needs**

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

44. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Failure To Intervene**

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   March 7, 2014
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*
